IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

KENNETH KRISHNA RANKIN          :

     Plaintiff                              :

  v.                                              :        Civil Case No. L-11-2711

                                                     :

LOEWS ANNAPOLIS HOTEL CORP.

                                                     :

     Defendant.                         :
o0o

# MEMORANDUM

Plaintiff, Kenneth Krishna Rankin, brings this action against Defendant, Loews Annapolis Corporation ("Loews"), based on claims stemming from the termination of his employment.  Now pending are Loews's Motion to Dismiss the Complaint (Docket No. 4) and Rankin's Motion for Leave to File an Amended Complaint (Docket No. 5).  For the reasons stated herein, the Court will, by separate Order of even date, DENY Loews's Motion to Dismiss and GRANT Rankin's Motion for Leave to File an Amended Complaint.

## I.  BACKGROUND

The following are the facts as alleged in the Complaint.  Loews, a hotel and resort corporation conducting business in the state of Maryland, hired Rankin as an overnight houseperson/floor technician on July 7, 2007.  At some unspecified point thereafter, Rankin contends that he and his fellow employees were compelled to sign an agreement that prohibited them from recording their overtime (i.e., the amount of time they worked in excess of 40 hours per week).

1

On June 18, 2009, Rankin underwent an arthroscopic partial medial meniscectomy and chondroplasty, procedures for which Loews afforded him medical leave. While under the continuing care of his physician, Rankin developed complications, which he claims necessitated his absence from work from September 21, 2009 to September 25, 2009. Loews terminated Rankin's employment on September 21, 2009.[1]

Rankin's Complaint specifies two causes of action. First, he alleges that the aforementioned agreement regarding overtime contravened the Fair Labor Standards Act ("FLSA"). He brings suit on his own behalf and on behalf of others similarly situated. Second, Rankin maintains that, as his complications constituted a medical emergency, Loews terminated him in violation of the Family Medical Leave Act ("FMLA"). Loews now moves to dismiss, arguing that Rankin's factual allegations fail to demonstrate a plausible basis for relief. Rankin, in turn, moves for leave to amend his Complaint.

## II. LEGAL STANDARD

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a plaintiff must plead plausible, not merely conceivable, facts in support of his claim. Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007). The complaint must state "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1965. The Court must, however, "assume the veracity [of well-pleaded factual allegations] and then determine whether they plausibly give rise to an entitlement of relief." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009).

---

[1] Both the Complaint and the Amended Complaint state that "Rankin was employed at Loews from July 7, 2007 to September 21, 2011." Compl. 2, Docket No. 1; Am. Compl. 2, Docket No. 5 (emphasis supplied). Given the consistency of the timeline highlighted elsewhere, it appears as though the latter date is a typographical error. The Court therefore assumes that Rankin was employed at Loews until September 21, 2009.

Federal Rule of Civil Procedure 15(a) states that leave to amend a pleading should be "freely given when justice so requires." Such leave may be denied, however, when granting the motion "would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile." Laber v. Harvey, 438 F.3d 404, 426 (4th Cir. 2006) (internal quotation marks omitted).

### III.   ANALYSIS

#### A.  Fair Labor Standards Act

Subject to certain exceptions, the FLSA makes it unlawful to employ any employee "for . . . a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

Count I of the Complaint states, "At all relevant times Defendants [sic] paid plaintiff and others similarly situated less than time and one half for hours worked in excess of forty in a workweek." Compl. 2, Docket No. 1. Lowe's, Rankin contends, imposed this practice "willfully, knowingly, and purposely." Id. In support of this claim, he alleges that he and his fellow employees were forced to sign an agreement that prevented them from recording their overtime. Id.

Loews argues that the Complaint "offers nothing more than a formulaic recitation of the bare elements of an FLSA claim and fails to allege any substantive factual allegations that would plausibly support his denial of an overtime claim." Def.'s Mot. to Dismiss 5, Docket No. 4. Specifically, Loews highlights Rankin's failure to a) produce a copy of the agreement, b) state the amount of overtime he worked, and c) detail the period over which he worked overtime.

Loews is partially correct. While a plaintiff need not necessarily specify the amount of overtime he accrued to give rise to a cognizable claim under the FLSA, see <u>Chao v. Rivendale Woods, Inc.</u>, 415 F.3d 342, 348 (4th Cir. 2005), the Court is inclined to agree that he must, at a minimum, approximate the period over which it transpired. "At all relevant times" will not do.

This deficiency, however, is cured in the proposed Amended Complaint, which specifies not only that Loews's overtime policy "was adopted in the year prior to Rankin's termination," but also that Rankin routinely worked three to five hours of overtime per week during this period. Am. Compl. 2, Docket No. 5.

Loews also points to the two-year statute of limitations for "ordinary" (i.e., non-willful) violations of the FLSA. <u>See</u> 29 U.S.C. § 255(a). It argues that Rankin fails to support a plausible claim of willfulness and, as such, he should be precluded from bringing suit given the filing of his action on September 21, 2011, two years after the termination of his employment.

Although Rankin uses conclusory language in contending that Loews "willfully, knowingly, and purposely" engaged in unfair labor practices, he also references a written agreement between Loews and its employees that precluded them from recording their overtime. The facts that he proffers concerning this agreement, though sparse, are sufficient to support an inference of willfulness, thus extending the FLSA's statute of limitations for Rankin and other similarly situated employees. Moreover, it would be unreasonable to demand that Rankin produce additional facts at the pleading stage, particularly given the possibility that material evidence, such as a copy of the agreement itself, may be in the sole possession of Loews and may only be secured through discovery.

B.  **Family Medical Leave Act**

Employers subject to the FMLA are required to grant eligible employees up to a total of 12 weeks of leave during any 12-month period because of a serious health condition.  29 U.S.C. § 2612(a)(1)(D).  A serious health condition, in turn, is defined as an "illness, injury, impairment, or physical or mental condition that involved (A) inpatient care . . . or (B) continuing medical treatment by a health care provider."  Id. § 2612(11).

Count II of the Complaint alleges that Rankin was under the continuing care of his physician when he developed complications from an arthroscopic partial medial meniscectomy and chondroplasty, which left him medically unable to work from September 21, 2009 to September 25, 2009.  Rankin contends that he provided Loews with a written note from his physician that detailed his situation but that his employment was nonetheless terminated on September 21, 2009.

Assuming arguendo that Rankin intended to assert separate interference and retaliation claims under the FMLA, see 29 U.S.C. § 2615(a)(1), 29 C.F.R. § 825.220(c), Loews argues that the Complaint is deficient in its failure to set forth plausible facts demonstrating that he a) was an eligible employee, b) had a medical condition, c) provided adequate notice concerning his absence, and d) was dismissed in retaliation.

All of these arguments but one are misplaced.  First, Rankin clearly details not only the nature of his injury, but also alleges that he had been under the continuing care of his physician following his surgery.  See Compl. 3.  Second, the Complaint does not, in fact, state that Rankin notified Loews of his medical condition only on September 25, 2009.  See Def.'s Mot. to Dismiss 12.  Instead, it states that Rankin delivered a note to Loews "[a]fter visiting his Doctor," suggesting that notice was given on September 21, 2009.  Compl. 4.  While this note is vague, it

5

may provide adequate notification under the FMLA, particularly given Loews's prior knowledge of Rankin's surgery.  Finally, the fact that Rankin's employment was terminated on the same day that he informed Loews of his need to take medical leave gives rise to a credible inference that his dismissal was retaliatory.

Loews is correct in arguing that the Complaint lacks even a conclusory assertion that Rankin was a covered employee under the FLSA.  Rankin's proposed Amended Complaint, however, specifies that "he was employed by Loews for at least 1,250 hours during the preceding twelve months."  Am. Compl. 3, Docket No. 5.  This is sufficient to establish that Rankin qualified as a covered employee.  See 29 U.S.C. § 2611(2).

### C.  Motion for Leave to Amend

No valid grounds exist for denying Rankin's Motion for Leave to File an Amended Complaint.  Loews has not alleged bad faith in the present dispute, and granting the Motion would in no way be prejudicial.  Finally, as stated above, amendment will allow Rankin to remedy the deficiencies in his Complaint, meaning that amendment would not be futile.

### IV.   CONCLUSION

For the foregoing reasons, the Court will, by Order of even date, DENY Loews's Motion to Dismiss and GRANT Rankin's Motion for Leave to File an Amended Complaint.  The Court will enter a separate Scheduling Order to govern the course of discovery.

Dated this 7th day of May, 2012

/s/
_____
Benson Everett Legg
United States District Judge